ON MOTION FOR REHEARING

PER CURIAM.
We deny appellant’s motion for rehearing. We grant appellee’s motion for rehearing, and withdraw our affirmance of the issue on cross-appeal, namely whether the trial court erred in denying the motion for award of attorney’s fees pursuant to an offer of judgment made under section 768.79, Florida Statutes. In denying the demand for fees the trial court determined both that the net recovery did not exceed the offer by 25% and that the offer was not made in good faith.
Both findings were based on the fact that appellee’s offer did not account for the transfer of title to the boat and trailer. The trial court reasoned that the $104,784 judgment did not exceed the offer of $80,000 by 25%, because the value of the boat, the title to which must be transferred to the appellant upon satisfaction, must be deducted from the judgment. However, the jury already decided that the boat was converted by the appellant. That necessarily included a finding that the appellant had control over the boat for his own use. Thus, the law assumes that the person converting the boat has its possession, and that upon payment of the judgment to the plaintiff in conversion, the possessor will also get legal title. See Foley v. Dick, 436 So.2d 139 (Fla. 2d DCA 1983). The whole theory of conversion is that the *1188 defendant has taken something that belongs to the plaintiff. Therefore, the plaintiff no longer has the use of that property and is entitled to its fair market value from the defendant. The value of the boat should not be deducted from the judgment, because the boat has already been converted by the appellant. Similarly, the offer did not have to include the transfer of title to the boat and trailer, because transfer would occur as a matter of law upon the satisfaction of the judgment. See Foley.
We therefore reverse the trial court’s order denying fees and remand for the assessment of attorney’s fees under section 768.79, Florida Statutes.
WARNER, and SHAHOOD, JJ., and SPEISER, MARK A., Associate Judge, concur.